# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IVAN BURLEY #315059, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00811 ) ) JUDGE CAMPBELL |
| JASON ARNOLD, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Ivan Burley, an inmate at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 2), and two copies of a supplemental filing titled "Amended Complaint." (Doc. Nos. 5, 7). This action is before the court for an initial review under the Prison Litigation Reform Act. As explained below, this action will be **DISMISSED**.

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 2) reflects that he cannot pay the filing fee in advance, so the application will be **GRANTED**. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## II. INITIAL REVIEW

The Court must dismiss any part of the Complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court must also liberally construe pro se pleadings and

hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

For the purpose of initial review only, the Court liberally construes the Complaint (Doc. No. 1) and supplemental "Amended Complaint" (Doc. Nos. 5, 7) together. Plaintiff's factual allegations are as follows:

Plaintiff brings this action against Sumner County, the City of Portland, the 18th Judicial District Drug Task Force ("Drug Task Force"), Portland police officer and Drug Task Force member Jason Arnold, Sumner County District Attorney General (DA) Lawrence Ray Whitley, and Sumner County Assistant District Attorney General (ADA) Jason Elliott. (Doc. No. 1 at 1–3). In the "Amended Complaint," Plaintiff seeks to add a Defendant named Magan Dixon, the owner of a UPS store several years ago. (Doc. No. 5 at 6). Plaintiff generally alleges that Defendants conspired to violate his constitutional rights by fabricating evidence when two packages were delivered to Dixon's UPS store in October 2015, resulting state charges being brought against Plaintiff in Davidson and Sumner Counties. (*See* Doc. No. 1 at 8; Doc. No. 5 at 6–7).

On two separate days in October 2015, a UPS store received a package addressed to an "unknown business" with Plaintiff's PO Box number. (Doc. No. 1 at 9–11). Dixon owned the store at the time. (*Id.* at 9–11). There are two accounts of what happened with the packages: the account of Jason Arnold and the Drug Task Force around the time that the events occurred; and the account of Dixon as told to Plaintiff's private investigator in April 2019. (*Id.*).

According to Jason Arnold and the Drug Task Force, Dixon opened each package on her own accord, found "a white powdery substance inside," and reported this finding to the Drug Task Force. (*Id.* at 9–10). Arnold and the Task Force maintained that they came to the store and

conducted a canine sniff following each report. (*Id.* at 10). They maintained that the first canine sniff did not indicate the presence of a controlled substance, but the second canine sniff did. (*Id.*). Arnold and the Task Force maintained that the contents of the second package then tested positive for cocaine in a field test. (*Id.*). Plaintiff checked his PO Box the day after the second package's delivery, which Arnold and the Task Force maintained "constituted an attempt to possess the contraband package." (*Id.* at 12).

According to Dixon, as later told to Plaintiff's private investigator, the first package was delivered to Plaintiff's PO Box "without incident." (*Id.* at 11). She did not open the package or contact the Drug Task Force, and the Task Force did not come to the store or conduct a canine sniff of the package. (*Id.*). On the day of the second package's delivery, Dixon stated, she did not contact the Drug Task Force, but they arrived at the store "in unmarked vehicles with a canine asking about a package." (*Id.*). The Task Force "encourag[ed]" her to open the package, and "since they were the police she just went along with them." (*Id.*).

Competing accounts aside, Plaintiff alleges that he was issued an arrest warrant for possessing a controlled substance after the delivery of the second package. (*Id.* at 10). In February 2016, Plaintiff was arrested in Davidson County and transported to Sumner County. (*Id.* at 8). At a preliminary hearing six weeks later, a Sumner County judge determined that the State "lacked probable cause to further prosecute [Plaintiff] on a charge of possession with the intent to resell a controlled substance." (*Id.*). The charge was dismissed, and Plaintiff was released. (*Id.*).

In June 2016, Jason Arnold obtained a direct presentment indictment against Plaintiff directly from a Sumner County grand jury based on "the same evidence and events that gave rise to the initial charge of possession." (*Id.*). This indictment charged Plaintiff with "attempt to possess with the intent to resell." (*Id.*). In November 2016, Plaintiff "was arrested and detained following

3

an indictment in Davidson County, stemming from relating charges." (*Id.* at 8–9 (alleging that Plaintiff faced "15 months of incarceration" before posting bond in February 2018)).

Plaintiff posted bond in February 2018. (*Id.* at 9). The Court takes judicial notice that, in April 2018, the Davidson County charges were disposed of based on a nolle prosequi. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/1972633%5E4687684%5ECJIS/IVAN%5EBURLEY%5E09261983%5E315059/ (last visited Dec. 22, 2021).[1] The Sumner County charge, however, remained pending. Plaintiff hired a private investigator to find and interview Magan Dixon, and in April 2019, she told the investigator her account of what happened with the packages. (Doc. No. 1 at 9, 11). The Drug Task Force directed Dixon not to speak with Plaintiff's investigator further or sign any affidavits. (Doc. No. 5 at 7).

In 2019, Plaintiff and his attorney informed Sumner County DA Whitley and ADA Elliott that the Drug Task Force fabricated the account of the October 2015 package deliveries. (Doc. No. 1 at 16). Whitley and Elliott "made a deliberate decision not to investigate the matter." (*Id.*). The City of Portland, Jason Arnold's primary employer, also refused to investigate Arnold "[o]nce presented with evidence of [his] criminal, unconstitutional behavior." (*Id.* at 19). Whitley and Elliot allowed the fabricated account "to be used to prosecute [Plaintiff] at his first trial in August of 2019," and they coerced Dixon to falsely testify. (*Id.* at 16; Doc. No. 5 at 7). The August 2019 proceeding resulted in a mistrial. (Doc. No. 1 at 16). The Court takes judicial notice that the Sumner County charge remains pending, and that pre-trial conference and trial are currently

---

[1] This information is taken from the Davidson County Criminal Court Case Information database. *See Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)) ("[The Court] may take judicial notice of 'a fact that is not subject to reasonable dispute' either because such a fact 'is generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

4

scheduled for July 2022. *See* https://sumner.tncrtinfo.com/crCaseForm.aspx?id=1FFE0EF9-604F-4B8A-8E35-2DEEB821C070 (last visited Dec. 22, 2021).[2]

Defendants' actions caused Plaintiff "immense mental, emotional, physical and spiritual distress." (Doc. No. 1 at 21). He also lost "extensive periods" of time, including time with his family, while incarcerated. (*Id.*). Plaintiff's "businesses have been ruined and left desolate," and his "personal finances have been left in a state of destitution." (*Id.*). Plaintiff requests compensatory damages, punitive damages, and restitution. (*Id.* at 7, 21–22).

**B. Legal Standard**

To determine if the Complaint fails to state a claim under for the purpose of initial review, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

---

[2] This information is taken from the Sumner County Online Court Records System. *See Davis*, 492 F. App'x at 578.

1. <u>Failure to Disclose Previous Cases</u>

Before addressing the substance of Plaintiff's claims, the Court first notes that, on the Complaint form, Plaintiff acknowledges that he has filed prior lawsuits that "involve the same facts or circumstances that [he] is alleging in this lawsuit." (Doc. No. 1 at 4). However, Plaintiff discloses only two prior cases, *see* Case Nos. 3:19-cv-00118, 3:21-cv-00326, and fails to disclose three more prior cases. *See* Case Nos. 3:17-cv-00370, 3:19-cv-00728, 3:21-cv-00551. In the three undisclosed cases, Plaintiff sued UPS and Magan Dixon, attempting to impose liability on them based on their participation in the events surrounding the October 2015 package deliveries. All three case were dismissed at the initial review stage.[3] *See* Case No. 3:17-cv-00370, Doc. Nos. 4, 5 (M.D. Tenn. Feb. 28, 2017); Case No. 3:19-cv-00728, Doc. No. 5 (M.D. Tenn. Jan. 24, 2020); Case No. 3:21-cv-00551, Doc. Nos. 8, 9 (M.D. Tenn. Oct. 14, 2021).

In the most recent of these three cases, as in this case, Plaintiff failed to disclose the first two cases against Dixon and UPS. The Court noted the omission and admonished Plaintiff before ultimately dismissing the case as barred by res judicata.[4] *See* Case No. 3:21-cv-00551, Doc. No. 8 at 3–6. In doing so, the Court stated: "Plaintiff is strongly advised to fully complete all sections of the complaint form in any future case he may file, as the failure to disclose previous lawsuits—especially lawsuits based on the same allegations against the same defendants—justifies dismissing a complaint." *Id.*, Doc. No. 8 at 4 (citation omitted).

---

[3] These three cases did not include the allegations of evidence fabrication that undergird this case. The latter two of these cases were filed after Dixon's alleged interview with Plaintiff's private investigator in April 2019. It was through this alleged interview that Plaintiff learned the information that led him to conclude that the Drug Task Force fabricated an account of the October 2015 package deliveries. It is unclear why Plaintiff's account of events in this case is not consistent with his account of events in the other two related post-April 2019 cases.

[4] Plaintiff appealed the dismissal of that case, and that appeal is currently pending. *See Burley v. Dixon, et al.*, No. 21-6008 (6th Cir.).

6

Case 3:21-cv-00811   Document 9   Filed 12/22/21   Page 6 of 12 PageID #: 81

The Court issued this warning to Plaintiff on October 14, 2021—one day before the signature date on the original Complaint in this case. *Compare id.*, Doc. No. 8 (M.D. Tenn. Oct. 14, 2021), *with* (Doc. No. 1 at 7). The Court therefore presumes that Plaintiff did not receive this warning in the mail before he filed this case. But by the time Plaintiff filed the "Amended Complaint"—undated but first received by the court on November 7, 2021 (Doc. No. 5 at 10)—Plaintiff likely would have received the Court's October 14 Memorandum clearly pointing out his responsibility to disclose all previous lawsuits on a complaint form. *See* Case No. 3:21-cv-00551, Doc. No. 8 at 3–4.

The "Amended Complaint," among other things, seeks to add Dixon as a Defendant. (Doc. No. 5 at 6). The Court recognizes that this filing is not on a complaint form, but is instead a series of handwritten pages. (*See id.* at 1–2, 5–9). Thus, Plaintiff was not *directly* prompted by a form to disclose litigation history when he submitted this filing. At the time of filing, however, Plaintiff certainly knew that the Court had dismissed three previous cases brought against Dixon premised on the October 2015 package deliveries, and he failed to mention those cases.

Because the Court's October 14 Memorandum in Case No. 3:21-cv-00551 and the original Complaint in this case crossed in the mail, and because the "Amended Complaint" in this case was not on a complaint form that directly prompted Plaintiff to disclose prior cases, the Court will not make an affirmative finding that Plaintiff deliberately disregarded the Court's previous warning. But with this Memorandum, the Court has now twice put Plaintiff on notice of his obligation to disclose prior lawsuits on a complaint form—notice that is not strictly necessary in the first place, given the clear prompts on the form itself. Accordingly, on the complaint form in any future case Plaintiff may file, Plaintiff must disclose a complete list of his previous lawsuits in this or any other federal or state court—regardless of how that previous lawsuit was resolved, what allegations

7

and claims it contained, or who it named as defendants. Failure to do so may result in the Court summarily dismissing the deficient complaint without prejudice. *See Scott v. Babik*, No. 2:04-CV-29, 2006 WL 374504, at *2 (W.D. Mich. Feb. 17, 2006) (collecting cases where "courts have dismissed a prisoner-plaintiff's complaint when failing to accurately apprise the court of other litigation").

    2. <u>Disclosed Previous Cases</u>

Plaintiff disclosed two previous cases. (Doc. No. 1 at 4). Case No. 3:21-cv-00326, however, does not directly relate to this case, as it concerns the events surrounding Plaintiff's arrest in April 2021. *See* Case No. 3:21-cv-00326, Doc. Nos. 5, 6 (M.D. Tenn. July 22, 2021). That case is currently stayed pending resolution of state criminal proceedings arising from that arrest. *Id.*

Case No. 3:19-cv-00118 is currently pending. Although the alleged events occur within the same general time frame, the operative allegations in that case are substantively distinct from the allegations in this case.[5] *See* Case No. 3:19-cv-00118, Doc. No. 58 at 1–2 (M.D. Tenn. Feb. 17, 2021) (summarizing Plaintiff's allegations that agents with the Drug Task Force seized his property in February 2016, obtained civil forfeiture warrants for the property, and disregarded a state court order to hold the property in safekeeping before a state court ruled that the forfeiture warrants lacked legal authority). And by submitting a new complaint and requesting pauper status, Plaintiff subjected the claims raised in this case to review. 28 U.S.C. § 1915(e)(2)(B) (authorizing screening of cases filed in forma pauperis); *id.* § 1915A(b) (requiring review of a complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). The Court will therefore proceed with the required initial review.

---

[5]     Twice in that case, Plaintiff has unsuccessfully sought to amend the pleadings to include allegations that overlap with the allegations in this case. *See* Case No. 3:19-cv-00118, Doc. No. 77 (M.D. Tenn. Dec. 15, 2021).

3. Dismissal of Federal Claims

Plaintiff brings several claims under Section 1983,[6] including for: false arrest (Doc. No. 1 at 13), fabrication of evidence (*id.* at 6, 8–9, 12–14, 21), conspiracy to violate his rights by fabricating evidence (*id.* at 8; Doc. No. 5 at 6–7), deprivation of due process for failure to investigate the fabrication of evidence (Doc. No. 1 at 15–16), knowing use of false testimony at the August 2019 proceeding that resulted in a mistrial (*id.* at 16–17), and failure to intervene in the fabrication of evidence and use of false testimony. (Doc. No. 5 at 8). Plaintiff also brings municipal liability claims against Sumner County and the City of Portland. (Doc. No. 1 at 18–19; Doc. No. 5 at 1–2, 5–6). As explained below, one of these claims is untimely, and the remaining claims are unavailable to Plaintiff at this time because the related Sumner County criminal proceeding has not been terminated in his favor.

A. False Arrest

A claim "is subject to dismissal without any further proof if 'the allegations . . . show that relief is barred by the applicable statute of limitations.'" *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)) ("[D]ismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'"). Section 1983 claims borrow "the

---

[6] The Complaint also mentions 42 U.S.C. §§ 1981, 1985, and 1988. (Doc. No. 1 at 8; Doc. No. 5 at 6). But Section 1988 pertains to attorney's fees—it "does not create a cause of action." *Spurlock v. Whitley*, 79 F. App'x 837, 838 n.1 (6th Cir. 2003). And the relevant portions of Section 1981 and 1985 require allegations of a conspiracy to discriminate based on race or other class-based animus. *Id.* (Section 1981); *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006) (internal citations and quotation marks omitted) (explaining that the portions of Section 1985 pertaining to conspiracies to "interfere with due process in state courts" or "deprive persons of their equal protections rights" require allegations of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus"). Those allegations are not present here. Plaintiff therefore fails to state a claim under Sections 1981, 1985, and 1988.

9

state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Tennessee's statute of limitations for such claims is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)).

Here, the limitations period for Plaintiff's false arrest claim started running when he was arrested based on the events alleged in the Complaint. *See Harrison v. Michigan*, 722 F.3d 768, 772 (6th Cir. 2013) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) ("[A] § 1983 cause of action for false arrest accrues at the time of the arrest.") That was in February 2016, and again in November 2016. Plaintiff did not file the Complaint in this case until October 2021. Accordingly, the false arrest claim asserted in the Complaint is untimely by several years. This claim will be dismissed with prejudice.

### B. Fabrication of Evidence and Knowing Use of False Testimony

The remaining claims are based on the alleged fabrication of evidence and the knowing use of false testimony. A Section 1983 plaintiff does not have a "complete and present cause of action" for a fabrication-of-evidence claim until the related "criminal proceedings against him terminated in his favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019); *see also id.* at 2158 n.7 (stating that a fabrication-of-evidence plaintiff is "not free to sue prior to his acquittal"). The same rule applies to a knowing-use-of-false-testimony claim. *See Jordan*, 885 F.3d at 415 (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)) (explaining that a *Brady* claim cannot accrue until the relevant criminal proceeding terminates "in favor of the accused"); *Brooks v. Tennessee*, 626 F.3d 878, 894 (6th Cir. 2010) ("[A] false-testimony claim falls under the *Brady* disclosure doctrine."). This rule "is rooted in pragmatic concerns with avoiding parallel criminal and civil litigation over

the same subject matter and the related possibility of conflicting civil and criminal judgments." *McDonough*, 139 S. Ct. at 2156–57 (citations omitted).

The August 2019 mistrial did not empower Plaintiff to bring claims based on the fabrication of evidence and knowing use of false testimony. That is because a mistrial does not "result immediately in a termination of the criminal proceeding in favor of the accused[.]" *See Jordan*, 885 F.3d at 415 (citing *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017)) (explaining that a criminal proceeding did not end when a "state court of appeals set aside [a] conviction on post-conviction review and remanded [the] case to the trial court" because the criminal proceeding "continued after the vacatur of [the] conviction"). Indeed, in the Supreme Court case clarifying the favorable-termination requirement for fabrication-of-evidence claims, the plaintiff's first trial ended in a mistrial, and the Court held that his cause of action was not complete until his acquittal following the second trial.[7] *McDonough*, 139 S. Ct. at 2154, 2156.

The Sumner County charge relating to Plaintiff's fabrication-of-evidence and knowing-use-of-false-testimony claims is still pending. Sumner County's Online Court Records System reflects that Plaintiff is currently set for trial on this charge in July 2022. And Plaintiff cannot "bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing." *McDonough*, 139 S. Ct. at 2158. Accordingly, Plaintiff fails to state a claim on this basis at this time, and these claims will be dismissed without prejudice.

So where does that leave Plaintiff? The Supreme Court explains: "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings

---

[7] As the Supreme Court noted, acquittal is not necessarily the only way "a criminal prosecution (as opposed to a conviction) might end favorably to the accused." *McDonough*, 139 S. Ct. at 2160 n.10 (citation omitted). The Court did not address whether some other resolution "should be understood as favorable or not," except to say that the question "might call for a context-specific and more capacious understanding of what constitutes 'favorable' termination for purposes of a § 1983 false-evidence claim." *Id.* Here, it is clear that Plaintiff's Sumner County criminal prosecution has not ended—favorably or otherwise.

11

against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings." *Id.* at 2159. In other words, if the relevant Sumner County proceeding ends in Plaintiff's favor, or if "a resulting conviction [is ultimately] invalidated within the meaning of *Heck*,"[8] then Plaintiff will have "a complete and present cause of action" for the fabrication-of-evidence and knowing-use-of-false-testimony claims asserted in the Complaint. At that time, Plaintiff may bring those claims in a Section 1983 suit, if he so desires.

4. <u>Dismissal of State-Law Claims</u>

Plaintiff also asserts state law claims for intentional infliction of emotional distress, assault, false arrest, and false imprisonment. (Doc. No. 1 at 21; Doc. No. 5 at 6). Because Plaintiff's federal claims will be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). The state-law claims will be dismissed without prejudice.

### III. CONCLUSION

For these reasons, Plaintiff's application to proceed as a pauper (Doc. No. 2) will be **GRANTED**, and this action will be **DISMISSED** for failure to state a claim under Section 1983. Plaintiff's federal false-arrest claim will be **DISMISSED** with prejudice, and the remaining federal and state claims will be **DISMISSED** without prejudice.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Under *Heck*, "a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.